UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61631-CIV-SINGHAL

YUEHAU OU,

    Plaintiff,

v.

ALEKSEY MELNIKOV, individually and in
his official capacity as a police officer for the
City of Hollywood, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants Aleksey Melnikov, Sergio Lopez, Richard Truntz, Luis Ortiz, Josue Vasquez, and Josh Brasso's Motion to Dismiss First Amended Complaint. (DE [27]). The parties have fully briefed the issue and the matter is ripe for review. Upon review of the First Amended Complaint, the parties' memoranda, and the relevant case law, the motion is granted in part and denied in part.

I.    INTRODUCTION

This is an action for false arrest and malicious prosecution. Plaintiff Yuehau Ou, is a licensed massage therapist who, at all relevant times, worked at a state registered massage therapy business known as "Jade Spa" in Hollywood, Florida. (DE [22] ¶ 30). The Hollywood Police Department conducted two sting operations at the Jade Spa on August 10, 2016 and June 19, 2017. (*Id.*).

As a result of the first sting, Plaintiff was arrested, booked into jail, posted bond, and charged with offering to commit, commit or engage in prostitution, lewdness or assignation, to wit: "hand job" sex act for money, contrary to Fla. Stat. § 796.07(2)(e). (*Id.*, ¶ 39). She was booked into the Broward County Jail on August 10, 2016 and posted

bond the next day. The state dropped the charges on July 13, 2018. (*Id.* ¶ 55). The First Amended Complaint alleges that Defendants Melnikov and Lopez falsely swore that Plaintiff offered them a hand job for $40 and that the offer was recorded on audio tape. Plaintiff denies ever offering a hand job to the officers and alleges that the audio tape recording sworn to by the officers never existed.[1]

During the second sting, Plaintiff alleges that Defendants Vasquez and Brasso stormed into Jade Spa without warning and immediately handcuffed and held Plaintiff for more than 40 minutes. (*Id.* ¶ 49-50). She was released when a sergeant arrived on the scene and advised that no probable cause for arrest existed. (*Id.* ¶ 51). The probable cause affidavit and audio recording of the incident were deleted after Plaintiff was released. (*Id.* ¶ 52, 53).

Plaintiff filed this action against the arresting officers and their supervisors (Melnikov, Lopez, Ortiz, Truntz, and Vasquez) for unconstitutional arrest/prosecution under § 1983 (Counts I, II, and III), unreasonable search and seizure under § 1983 (Count IV), false arrest against Vasquez and Brasso under § 1983 (Count V), false arrest against Vasquez and Brasso under state law (Count VI), and malicious prosecution under § 1988[2] against Melnikov, Lopez, Truntz, and Ortiz (Count VII). Plaintiff also named the City of Hollywood as a party, but that Defendant is not a party to the current motion.[3]

Defendants move to dismiss Counts I through IV on the ground that the four-year statute of limitations for false arrest has run. Defendants Truntz and Ortiz also move to

---

[1] The First Amended Complaint alleges that the State Attorney's Office closing memorandum stated that "The audio recording from the incident does not have the defendant offering a 'hand job' for $40, which was stated in the Probable Cause Affidavit" and that "the officer nor the other law enforcement members who took part in this sting operation, do not remember exactly how the offer was relayed." (DE [22], ¶ 56).
[2] This may be a typographical error as 42 U.S.C. § 1988 provides for attorney's fees to the prevailing party in an action brought under § 1983.
[3] The docket does not reveal that the City of Hollywood responded to the First Amended Complaint or even that the City was served.

dismiss the false arrest and malicious prosecution claims against them for failure to state a claim upon which relief can be granted. Finally, Defendants move to strike Plaintiff's claim for punitive damages and attorney's fees in Count VI (common law false arrest).

II.     LEGAL STANDARDS

To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Authority*, 132 S. Ct. 1702 (2012).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). The court must review the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

III.     ANALYSIS

   A. Statute of Limitations

Although § 1983 is a federal cause of action, the court looks to the law of the State in which the action arose for the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For an unlawful arrest, the applicable statute of limitations is the State's limitation for personal injury actions. *Id.* In Florida, the statute is four years. Fla. Stat. § 95.11(3)(o). Accrual of a cause of action, however, is governed by federal law. *Wallace,* 549 U.S. at 388. A claim for false imprisonment under § 1983 accrues "when either the seizure ends or the plaintiff is held pursuant to legal process." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020).

Defendants move to dismiss Plaintiffs' claims arising from the August 10, 2016 arrest because the Complaint was filed on August 11, 2020. But Defendants incorrectly mark the accrual of the cause of action from the date of the arrest. As discussed above, a cause of action under § 1983 for false arrest accrues upon the date of the release or when the plaintiff is held pursuant to legal process. *Id.* The First Amended Complaint alleges that Plaintiff stayed overnight in jail and was released the next afternoon. The First Amended Complaint is silent as to the date Plaintiff was held pursuant to legal process. Taking the allegations of the First Amended Complaint as true and drawing all reasonable inferences in Plaintiff's favor, the Court cannot conclude as a matter of law that the statute of limitations has run on the false arrest/prosecution claims (Counts I, II, and II).

Count IV, however, alleges unreasonable search and seizure of Plaintiff and her business on August 10, 2016. The cause of action for an unreasonable search and seizure accrues on the date the victim "became aware of the entry and search." *Villalona*

4

*v. Holiday Inn Express & Suites,* 824 Fed. Appx. 942, 946 (11th Cir. 2020).  The search and seizure were alleged to have occurred on August 10, 2016 in the presence of Plaintiff.  The cause of action accrued on that date.  For this reason, Count IV of the First Amended Complaint was untimely filed and will be dismissed.

B. Supervisory Liability

Defendants Truntz and Ortiz move to dismiss the false arrest/prosecution claims against them (Counts II and III), arguing that the only allegations against them are that they had supervisory positions in the unit that conducted the sting operations.  Plaintiff alleges that Truntz and Ortiz should have reviewed and compared the police reports with the evidence collected, and if they had done so, the discrepancies would have been found and Plaintiff would not have been arrested or criminally charged.

"The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."  *Johnson v. Israel,* 2020 WL 1060007, at *9 (S.D. Fla. Mar. 5, 2020) (quoting *Braddy v. Florida Dep't of Labor & Employment Sec.,* 133 F.3d 797, 802 (11th Cir. 1988)).  "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervisory official and the alleged constitutional violation."  *Braddy,* 133 F.3d at 802 (quoting *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)).

A causal connection can be established in several different ways.  "First, a causal connection may be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and [the responsible supervisor] fails to do so.'"  *Tullis v. Inch*, 2019 WL 4774085, at *3 (N.D. Fla. Aug. 28, 2019), report and recommendation adopted, 2019 WL 4765141 (N.D. Fla. Sept. 29, 2019)

(quoting *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir. 2003)).  "Second, a causal connection may be established 'when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights.'"  *Id.* (quoting *Gonzalez,* 325 F.3d at 1234-35).  "Third, a causal connection may be shown by 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'"  *Id.*

The First Amended Complaint fails to allege facts that would plausibly establish that Truntz and Ortiz personally participated in the alleged constitutional violation, or that they directed the officers to act in an unconstitutional manner, or that there was a history of widespread abuse that would have put them on notice of the need to correct the alleged deprivation and they failed to do so.  At most, the First Amended Complaint alleges that Truntz and Ortiz failed to compare the audio tape of Plaintiff's arrest with the officers' probable cause affidavit and, if they had, it would have been obvious that Plaintiff had not solicited prostitution as charged.  This does not meet the "extremely rigorous" standard required for supervisory liability under § 1983.  Furthermore, Plaintiff's explanation that the officers engaged in a pattern of entrapment and presenting false evidence to "gain favor" in their employment is supported by no facts.  The Court need not consider speculative and conclusory allegations.  *Jackson,* 372 F.3d at 1272.  The Court concludes that the First Amended Complaint fails to state a claim for false arrest/prosecution (Counts II and III) against Defendants Truntz and Ortiz.

    C. <u>Punitive Damages and Attorney's Fees</u>

Count VI of the First Amended Complaint alleges common law false arrest.  Plaintiff seeks damages, punitive damages, and attorney's fees.  Under Florida law, attorney's fees may not be recovered in the absence of a contractual or statutory

6

agreement authorizing their recovery. *Bidon v. Dept. of Prof. Reg., Fla. Real Estate Comm'n,* 596 So 2d 450, 452 (Fla. 1992). There are no contractual or statutory provisions that would entitle Plaintiff to recover attorney's fees on her common law claim of false arrest. The claim for attorney's fees in Count VI will be stricken.

Defendants move to strike the claim for punitive damages because the First Amended Complaint does not comply with Florida Statute § 768.72 which requires a plaintiff to proffer record evidence in support of punitive damages and obtain leave of court to amend the complaint before punitive damages can be asserted. In federal court, however, the pleading requirements of Rule 8(a), Federal Rules of Civil Procedure, preempt § 768.72. *Porter v. Ogden, Newell & Welch,* 241 F.3d 1334, 1340 (11th Cir. 2001). Accordingly, Defendants' request to strike the claim for punitive damages from Count VI will be denied.

### D. Failure to State a Claim for Malicious Prosecution

Defendants Truntz and Ortiz move to dismiss Count VII of the First Amended Complaint on the ground that Plaintiff has failed to allege facts that would plausibly establish the elements of a cause of action for malicious prosecution. Defendants also argue that Plaintiff has failed to meet the pleading requirements to establish supervisory liability as discussed in part III.B, above. The Court agrees.

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami,* 382 F.3d 1220, 1234 (11th Cir. 2004). The state tort of malicious prosecution requires six elements:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was

the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2nd DCA 2002)). The First Amended Complaint alleges no facts that would plausibly establish that Truntz or Ortiz were the "legal cause" of the original proceeding against Plaintiff. The supervision of the unit is not sufficient to establish that they were the legal cause of Plaintiff's arrest or prosecution. For this reason, Count VII will be dismissed for failure to state a claim for which relief can be granted.

IV. <u>CONCLUSION</u>

For the reasons discussed above, the Motion to Dismiss will be granted in part and denied in part. Plaintiff will not be granted leave to amend her pleadings a second time. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss First Amended Complaint (DE [27]) is **GRANTED IN PART AND DENIED IN PART.** Counts II, III, IV, and VII are **DISMISSED.** Plaintiff's claim for attorney's fees in Count VI is **STRICKEN.** The remainder of the Motion is **DENIED.** Defendants shall file an Answer within ten (10) days of the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of June 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF